IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MISTY BALSDON                                                      PLAINTIFF

v.                              CIVIL NO. 25-3029

FRANK BISIGNANO, Commissioner
Social Security Administration                                    DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Misty Balsdon, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed her current application for DIB on March 11, 2023, alleging an inability to work since March 19, 2021, due to depression, degenerative disc disease lower back, migraines, lumbar spastic joint arthroplasty, numbness in the hands, diabetes, and diverticulitis. (Tr. 80, 182). An administrative telephonic hearing was held on February 23, 2024, at which Plaintiff appeared with counsel and testified. (Tr. 50-79).

By written decision dated May 20, 2024, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 25). Specifically, the ALJ found Plaintiff had the following severe impairments: diabetes mellitus, diabetic peripheral neuropathy, migraine headaches, carpal tunnel syndrome, acute diverticulitis,

degenerative disc disease of the cervical spine with radiculopathy, degenerative disc disease of the lumbar spine, obesity, major depressive disorder and generalized anxiety disorder. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 25). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) with the following limitations: frequently climb ramps and stairs, balance as defined by the Selected Characteristics of Occupations (SCO), kneel, crouch, and crawl; occasionally climb ladders, ropes, or scaffolds; frequently finger, handle, and feel bilaterally; avoid concentrated exposure to extreme cold and humidity; limited to exposure to a moderate noise environment as defined by the SCO; less than occasional exposure to vibration, pulmonary irritants as defined by SCO, and hazards such as dangerous moving machinery and unprotected heights; understand, remember, and carry out simple instructions; occasional interaction with the public.

(Tr. 28). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a routing clerk, a marker, and a non-governmental mail clerk. (Tr. 38).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on March 18, 2025. (Tr. 1-6). Subsequently, Plaintiff filed this action. (ECF No. 3). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 10, 12).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the

Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

In her appeal brief, Plaintiff claims the ALJ's disability decision is not supported by substantial evidence. In making this claim, Plaintiff argues the following issue on appeal: 1) The ALJ erred at Step 5 by relying on jobs that conflict with the RFC's limitation that Plaintiff can understand, remember and carry out simple instructions. (ECF No. 10). Defendant argues the ALJ properly considered all of the evidence and the decision is supported by substantial evidence. (ECF No. 12).

The Court has reviewed the entire transcript and the parties' briefs and finds that substantial evidence of record supports the ALJ's determination. In this case, the ALJ found Plaintiff able to perform work as a routing clerk, a marker, and a non-government mail clerk.[1] The DOT indicates that the routing clerk and marker are level 2 reasoning jobs; and the non-government mail clerk is a level 3 reasoning job. *See* DOT §§ 222.687-022, 209.587-034, and 209.687-026 *at* www.westlaw.com. In *Moore v. Astrue*, 623 F.3d 599, 604 (8th Cir. 2010), the Eighth Circuit rejected the argument that an RFC limiting a claimant to "carrying out simple job instructions" and performing "simple, routine and repetitive work activity at the unskilled task level" was

---

[1] The DOT number assigned to these jobs are 222.687-022, 209.587-034, and 209.687-026, respectively.

incompatible with jobs requiring level 2 reasoning. The RFC in this case is closely aligned to the RFC in *Moore.*

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. *Goff v. Barnhart,* 421 F.3d 785, 794 (8th Cir. 2005). The Court is aware that one of the jobs given by the vocational expert, the non-government mail clerk, is a level 3 job; however, the remaining two jobs, the routing clerk and marker, are level 2 jobs, that do not conflict with the RFC. *See Grable v. Colvin*, 770 F.3d 1196, 1202 (8th Cir. 2014) (holding an ALJ may rely on a vocational expert's testimony if at least some of the identified jobs are consistent with the claimant's RFC). Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing jobs in the national economy.

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 14th day of November 2025.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE